S97Y0578, S97Y0580, S97Y0581, S97Y1045, S97Y1046, S97Y1047, S97Y1048, S97Y1049, S97Y1050.
IN THE MATTER OF STEFANO A. DIDIO.
(486 SE2d 346)

PER CURIAM.

The State Bar seeks and the review panel recommends that Stefano A. Didio be disbarred in these nine separate cases for his numer-

ous infractions of disciplinary rules, as well as for his status as a recidivist under Bar Rule 4-103. We agree with the State Bar and the review panel and order Didio disbarred.

This Court recently accepted Didio's Petition for Voluntary Discipline for his admitted violations of Standards 61, 63, 65, and 68 of Bar Rule 4-102 (d). *In the Matter of Stefano A. Didio*, 266 Ga. 553 (468 SE2d 385) (1996). In that case we suspended Didio for two years, providing that if he did not consult with and receive an assessment from a Law Practice Management consultant within six months of his reinstatement, he would be disbarred.

In the cases now before the court the State Bar sought disbarment for Didio's additional infractions as alleged in six Formal Complaints and three Notices of Discipline. Didio is in default in each case, having failed to file a timely response or rejection.[1]

1. We first examine the admissions by default to the six Formal Complaints. In each case, the State Bar moved that the special master issue findings on default and conclusions. In each case, the special master granted the State Bar's motion, issued findings on default, and conclusions of law, which findings and conclusions were adopted by a unanimous review panel. In each of the six cases Didio failed to file a response to the Notices of Investigation based on his clients' complaints, thus violating Standard 68 of Bar Rule 4-102 (d) (failure to respond to disciplinary authorities in accordance with disciplinary rules). The review panel agreed with the Bar and the special master that the recidivist provisions of Bar Rule 4-103 apply in these cases so as to authorize suspension or disbarment solely on the basis of Didio's status as a recidivist,[2] and the review panel recommends disbarment.

In Case No. S97Y1045 the State Bar alleged solely that Didio failed to respond to the Notice of Investigation, thus violating Standard 68.

In Case No. S97Y1046 Didio agreed to represent a client in a contempt action against her former husband, filed a complaint on her behalf, but failed to have service perfected against the client's former husband, failed to inform the client of the status of her case, misled her about its status, and failed to return his unearned fees on the client's discharging him. We agree with the review panel that Didio's conduct in this case violated Standards 4 (engaging in professional conduct involving dishonesty, fraud, deceit or wilful misrepresentation); 22 (a) (failure to obtain permission for withdrawal from

---

[1] Under Bar Rule 4-208.1 (b), failure to file a timely rejection to a notice of discipline results in the lawyer's admission of the facts and violations alleged.

[2] Bar Rule 4-102 provides that a finding of a third or subsequent disciplinary infraction in and of itself constitutes discretionary grounds for suspension or disbarment.

employment where required by a tribunal), and (b) (withdrawal from employment without complying with rules of a tribunal and without taking steps to avoid foreseeable prejudice to the rights of a client); 23 (failure to refund unearned fees); and 45 (b) (knowingly making a false statement of law or fact in the representation of a client).

In Case No. S97Y1047 Didio represented a client in a workers' compensation case, and, on settlement of the case, Didio agreed to refund her a portion of his fee, entered into an agreement with the client whereby he would make installment payments to the client on the amount of the refund owed, failed to refund the fee, and was dishonest in his representations to the client about his intent to pay. We agree with the review panel that Didio's conduct in this case violated Standards 33 (entering into a business transaction with a client where the client and lawyer have differing interests) and 45.

In Case No. S97Y1048 Didio agreed to represent a client in an action to legitimate the client's son, the client paid Didio for that purpose, Didio filed an action on the client's behalf, but did nothing further. Didio failed to respond to interrogatories on his client's behalf, and as a result the client's action was dismissed. Also, after the client discharged Didio and demanded his file, Didio did not return the file or refund unearned fees. We agree with the review panel that Didio's conduct in this case violated Standards 44 (wilful abandonment of a legal matter); 22 (b); and 23.

In Case No. S97Y1049 Didio agreed to represent a client in a civil action against the client's insurance company. Although he had been paid a substantial portion of the fee agreed upon, Didio failed to file an action on the client's behalf prior to the applicable statute of limitation. Didio prepared a complaint on the client's behalf, and sent the client a letter stating he would file the complaint after he received the service fee from the client, which fee Didio falsely stated he had discussed with the client. On receiving the service fee, Didio filed the complaint, which was dismissed as barred by the statute of limitation. We agree with the review panel that in this case Didio violated Standards 4 and 45 (b).

In Case No. S97Y1050 Didio agreed to represent the client in an action to modify the client's child support obligation. Although the client paid Didio, Didio failed to bring an action on the client's behalf, failed to keep the client apprised of the status of his case, failed to place the fee the client paid into escrow, and failed to refund the unearned portions of the fee. We agree with the review panel that in this case Didio violated the following Standards: 44, 22 (b), 23, and 65 (commingling client and personal funds and failure to establish and properly maintain a client escrow account).

2. In Case Nos. S97Y0578, S97Y0580, and S97Y0581 Dido failed to file rejections of the Notices of Discipline served on him and is in

default under Bar Rule 4-208.1 (b). In the first of these three cases, Case No. S97Y0578, Didio, by virtue of his default, admitted filing an action on behalf of a client a week after this Court had imposed a two-year suspension, violating Standards 4, 25 (practicing law in violation of regulations of the profession), and 45. In Case No. S97Y0580 Didio admitted violating Standards 4, 22, 23 and 44, by receiving a fee on behalf of a client to assist the client in locating an individual, failing to take action on the client's behalf, failing to return the fee, failing to return the client's telephone calls, and failing to notify the client of Didio's subsequent suspension from the practice of law, as required by this Court's order of suspension. In the third case, Didio admitted violating Standards 4, 21, 22, 23, 44, 45, and 68 in his handling of a divorce matter for a client. Although he accepted a fee from the client he failed to take action on the client's behalf, misrepresented the status of the client's case and failed to notify the client of his subsequent suspension and inability to represent the client.

We agree with the review panel that disbarment is mandated in these cases. ABA Standards for Imposing Lawyer Sanctions (1991) (see generally ABA Standard 3.0). Didio's violations are egregious and numerous and he has caused his clients actual injury. While there are a number of aggravating factors present, including Didio's prior disciplinary offenses, his pattern of misconduct and multiple offenses, his bad faith obstruction of the disciplinary process, his refusal to acknowledge the wrongful nature of his conduct and his indifference to making restitution, see ABA Standard 9.2, we find no mitigating factors for our consideration.

Accordingly, it is hereby ordered that Stefano A. Didio be disbarred from the practice of law in this state.

*Disbarred. All the Justices concur.*

DECIDED JUNE 30, 1997.

*William P. Smith III, General Counsel State Bar, Jenny K. Mittelman, Assistant General Counsel State Bar,* for State Bar of Georgia.